JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-482 PA (SPx) | Date | March 15, 2017 |
|---|---|---|---|
| Title | Jay Castaldi v. Travelers Commercial Ins. Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

None      None

**Proceedings:**      IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Travelers Commercial Insurance Company ("Defendant"). In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Jay Castaldi ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

In support of its allegation that the Court possesses diversity jurisdiction, Defendant asserts Plaintiff's citizenship as follows: "'Plaintiff is an individual residing in the county of Riverside, State of California . . .' Castaldi owns and generates income from the real property located at 2255 S. Araby

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-482 PA (SPx) | Date | March 15, 2017 |
|---|---|---|---|
| Title | Jay Castaldi v. Travelers Commercial Ins. Co. | | |

Drive, Palm Springs, California . . . which is a subject of the State Action. Castaldi is thus a citizen of California presently and at the time the Complaint was filed." (Notice of Removal ¶ 5 (citing Complaint).) Therefore, the only support for Defendant's allegation of Plaintiff's citizenship is an allegation of residence and of the location of a rental property owned by Plaintiff. Because residence is not the same as domicile, and the location of rental property owned by Plaintiff is irrelevant to his citizenship, the Notice of Removal fails to establish Plaintiff's citizenship. As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

  For the foregoing reasons, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Riverside County Superior Court, Case No. PSC1700774. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.